■ National Arts Club, on Behalf of Itself and All Others Similarly Situated, Appellant, v Sharen S. Benenson, Individually and as Trustee of Gramercy Park Trust, Respondent. National Arts Club, on Behalf of Itself and All Others Similarly Situated, Appellant, v Constance Gibson et al., Individually and as Trustees of Gramercy Park Trust, Respondents. [690 NYS2d 441] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered October 5, 1998, dismissing actions seeking defendants' removal as trustees of a private park, unanimously affirmed, with costs.

The weight of the evidence supports the trial court's finding that defendants, after soliciting expert advice, acted in good faith in removing trees from the park that they had reason to believe were dead or dying and potentially unsafe. Plaintiff, having urged the trial court to apply the business judgment rule, with its standard of good faith, will not be heard on appeal to urge that the court should have applied a prudent person standard (CPLR 5501 [a] [3]; *see, McCummings v New York City Tr. Auth.*, 177 AD2d 24, 27, *affd on other grounds* 81 NY2d 923, *cert denied* 510 US 991). In any event, we would

reach the same result even were we to apply the standard plaintiff now urges. Concur—Ellerin, P. J., Nardelli, Mazzarelli and Rubin, JJ.